```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
_____
                              )
CONSUMER FEDERATION OF        )
AMERICA                       )
          Plaintiff,          )
     v.                       )
                              )    Civ. Action No. 04-1788 (EGS)
                              )
UNITED STATES DEPARTMENT      )
OF AGRICULTURE                )
                              )
          Defendant.          )
_____)
```

## MEMORANDUM OPINION

Plaintiff Consumer Federation of America ("CFA"), a non-profit research, education, and advocacy organization, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to the public calendars of six United States Department of Agriculture ("USDA") officials involved in the promulgation of an interim final rule regulating the public's exposure to *Listeria monocytogenes* ("Listeria"). Pending before the Court are the parties' cross-motions for summary judgment. Because the Court is persuaded that defendant conducted an adequate search for responsive records under FOIA, and that the officials' appointment calendars maintained on their personal computers are not "agency records" within the meaning of

1

the statute, the Court will **GRANT** defendant's motion and **DISMISS** plaintiff's complaint.

I.  **BACKGROUND**

In early 2001, plaintiff became interested in the USDA Food Safety and Inspection Service's ("FSIS") rulemaking process to control outbreaks of Listeria, a food-borne bacterium often found in meat and poultry products as a result of post-processing contamination.  Plaintiff contends that FSIS's June 2003 interim final rule was significantly weaker than the February 2001 proposed rule.  *Compare* 66 Fed. Reg. 12,589 (proposed rule) *with* 68 Fed. Reg. 34,208 (interim final rule).  Suspecting that the weakening of the rule was the result of "pressure from industry representatives," Pl's. Mem. at 5, CFA submitted a FOIA request in August 2004 seeking access to the "public calendars" of six senior FSIS officials to determine "whether these agency officials have met exclusively, or nearly exclusively, with industry representatives who favor the weakening of the original proposed rule."  *See id.* at 6.  FSIS failed to provide a substantive response within the statutory period, and CFA brought the instant lawsuit.

Shortly after this case was filed, FSIS notified plaintiff that FSIS does not maintain *public* calendars for any of its

personnel, but that each of the six individuals named in plaintiff's request maintained an "electronic calendar" on the FSIS computer system.  *See* Def's. Mot. for Summ. J., Ex. 1. After examining the "totality of the circumstances surrounding the creation, maintenance, and use of the electronic calendars," defendant informed plaintiff that it had "determined that these calendars are personal records -- not agency records subject to disclosure under the FOIA."  *Id.*  Despite this determination, however, defendant notified plaintiff that each individual had "independently volunteered" to release portions of their electronic calendars reflecting meetings with outside individuals, subject to redactions for personal information and other information the individuals believed to be nonresponsive to plaintiff's request.  These redacted pages were delivered to plaintiff on February 25, 2005.

Plaintiff was disappointed by the extensive redactions and missing pages in the officials' disclosures.  *See* Pl's. Reply at 4.  Because the Agency failed to cite FOIA exemptions for any of the redactions, plaintiff argues that defendant should be "directed to produce the remainder of the calendars (or provide a satisfactory explanation for its failure to produce them), and the Court should direct defendant to provide detailed

justifications for redactions made to any of the calendars." *Id.* at 6. Defendant counters that the calendars were released pursuant to the consent of the officials – not pursuant to the FOIA. Therefore, argues defendant, "the agency does not need to explain or account for missing calendar pages or for the redactions the six officials made before agreeing to release their personal records." Def's. Reply at 2-3.

**II. DISCUSSION**

    **A.    Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Likewise, in ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that

are not genuinely disputed. *See Rhoads v. McFerran*, 517 F.2d 66, 67 (2d Cir. 1975).

    **B.**    **Analysis**

The production of calendars and appointment materials was exhaustively addressed by the D.C. Circuit in *Bureau of National Affairs, Inc. v. United States Dep't of Justice*, 742 F.2d 1484 (D.C. Cir. 1984)("*BNA*"). In *BNA*, the Court examined two categories of documents potentially responsive to plaintiff's FOIA request for "all records of appointments and meetings" between William Baxter, then Assistant Attorney General for Antitrust at the United States Department of Justice, and all parties outside the Justice Department. The first category consisted of desk appointment calendars maintained by Mr. Baxter and his personal secretary, reflecting both professional and personal appointments. The second consisted of "daily agendas" which Mr. Baxter's secretary prepared and distributed to top staff within the Antitrust division so that they would know his schedule on a given day. The Court devised a "totality of the circumstances" test to determine "under what circumstances can an individual's creation of a record be attributable to the agency, thereby making the material an 'agency record' disclosable under FOIA, rather than personal material not covered by the Act." *Id.*

at 1489.  This test focuses on "the circumstances surrounding the creation, maintenance and use of the documents within the agency" and includes factors such as (1) whether the document was generated within the agency; (2) has been placed into the agency's files; (3) is in the agency's control; and (4) has been used by the agency for an agency purpose.  *See id.* at 1494 (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  Applying this test, the Court concluded that Mr. Baxter's appointment calendars were not agency records, but that the daily agendas were.  *See BNA* at 1486 (concluding that "appointment materials that are created solely for an individual's convenience, that contain a mix of personal and business entries, and that may be disposed of at the individual's discretion are not 'agency records' under FOIA").  Several factors "buttressed" the Court's conclusion that "the calendars were created for the personal convenience of the individual employees, not for an official agency purpose," including the fact that the appointment calendars 1) included personal information, 2) were not distributed to other employees, and 3) were not required to be maintained by the agency.  *See id.* at 1496.

In this case, the six FSIS officials have filed declarations

stating that: (1) their calendars reflected both professional and personal events; (2) each individual was free to determine what items should be entered or deleted from the calendar; (3) there is no Department requirement that calendars be maintained and the maintenance of these calendars was at the discretion of the individuals; (4) the calendars were not considered official records of these individuals' daily activities; and (5) access to the calendars was controlled and limited to those who might otherwise cause an individuals' time periods to be double-booked. *See* Def.'s Reply at 6.  There is very little to distinguish these calendars from the appointment calendars at issue in *BNA*. Indeed, this Court recently held that former SEC Chairman Harvey Pitt's personal calendar maintained on an agency computer was not an "agency record" subject to the Court's jurisdiction under FOIA.  *See Bloomberg, L.P. v. United States Securities and Exchange Comm'n*, 357 F. Supp. 2d 156, 164 (D.D.C. 2004)(Leon, J.).

　　Plaintiff argues that the FSIS has a duty to turn over official calendars because other government agencies routinely make available the type of information CFA is seeking here.  *See* Pl's. Mot. for Summ. J. at 8-9 and Pl.'s Statement of Facts at 5 (citing the public calendars available on the websites of the

Food and Drug Administration and the Consumer Product Safety Commission).  While these agencies are to be commended for their commitment to the spirit of FOIA, *see Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 772 (1989)(noting that FOIA's "basic purpose" is to "open agency action to the light of public scrutiny"), there is nothing in FOIA that creates an affirmative duty for an agency to maintain a specific type of record.  *See BNA* at 1490 (citing *Forsham v. Harris*, 445 U.S. 169, 186 (1980) and *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161-62 (1975)).  In this case, FSIS has declared that it does not maintain public calendars for any of its personnel.  *See* Def's. Mot. for Summ. J., Ex. 2 (Carpenter Decl.).  This representation must be afforded a presumption of good faith in the absence of any evidence to the contrary.  *See SafeCard Servs. v. United States Securities and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) ("Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'").

**III. CONCLUSION**

"The requirement that materials sought by a private party be 'agency records' is jurisdictional -- only when an agency

withholds an agency record does the district court have authority to compel disclosure."  *BNA* at 1488.  Because plaintiff cannot show that the agency's search for responsive documents was unreasonable or in bad faith, and because the personal calendars disclosed by defendant are not "agency records" subject to FOIA, the Court will **GRANT** defendant's motion for summary judgment and **DISMISS** this case for lack of jurisdiction.

An appropriate Order and Judgment accompanies this Memorandum Opinion.


**Signed:    EMMET G. SULLIVAN**
**            UNITED STATES DISTRICT JUDGE**
**            JULY 28, 2005**