**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
CONSUMER FEDERATION OF              )
AMERICA                             )
          Plaintiff,                )
      v.                            )
                                    )    Civ. Action No. 04-1788 (EGS)
                                    )
UNITED STATES DEPARTMENT            )
OF AGRICULTURE                      )
                                    )
          Defendant.                )
_____)

**MEMORANDUM OPINION**

Plaintiff Consumer Federation of America ("CFA"), a non-profit research, education, and advocacy organization, brings this action against the United States Department of Agriculture ("USDA" or "the agency") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff's FOIA request sought copies of official calendars kept by certain USDA officials involved in promulgating an interim final rule regulating the public's exposure to _Listeria monocytogenes_ ("Listeria").  Pending before the Court are the parties' cross-motions for summary judgment.  Plaintiff seeks summary judgment and sanctions against USDA on the grounds that the agency conducted an inadequate search for documents in response to plaintiff's FOIA request.  Defendant

1

argues that the agency is entitled to summary judgment because all responsive documents have now been provided to plaintiff.

Upon consideration of the motions for summary judgment, the responses and replies thereto, the arguments made by counsel at the motions hearing on March 18, 2008, the relevant law and the entire record, the Court **grants** defendant's motion for summary judgment.  The Court is persuaded that defendant has produced all responsive documents and that defendant's final search was adequate.  Accordingly, the Court **denies** plaintiff's motion for summary judgment.  The Court will, however, take under advisement the matter of sanctions and direct USDA to file a supplemental declaration, as described below.

## I.   BACKGROUND

On August 18, 2004, plaintiff made a FOIA request for the calendars of six senior USDA officials.  The request reflected CFA's concern about food industry officials' influence over the USDA Food Safety and Inspection Service's ("FSIS") rulemaking process to control outbreaks of Listeria, a food-borne bacterium often found in meat and poultry products as a result of post-processing contamination.  CFA sought access to the public calendars of six senior FSIS officials to determine whether and to what extent the officials had met with industry

2

representatives who favored weakening the original proposed rule. On July 28, 2005, this Court held that the calendars were not "agency records" and therefore not subject to a FOIA request.  On June 30, 2006, the United States Court of Appeals for the District of Columbia Circuit reversed, finding five of the six officials' calendars were "agency records" for FOIA purposes.

## II.   DISCUSSION

### A.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).  In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  Likewise, in ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed.  *See Rhoads v. McFerran*, 517 F.2d 66,

67 (2d Cir. 1975).

FOIA cases are almost universally disposed of through summary judgment; once all responsive documents have been disclosed to the requesting party, there usually ceases to be any issue of material fact. *See Harrison v. Exec. Office for U.S. Att'ys*, F. Supp. 2d 141, 145 (D.D.C. 2005). When a FOIA defendant moves for summary judgment it bears the burden of showing that its search was adequate. *See Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The measure of a search's adequacy is not the number of documents produced, but whether defendant can "demonstrate the it has conducted a 'search reasonably calculated to uncover all relevant documents'." *Id.*

**B.   Analysis**

**1. The Adequacy of Defendant's Search**

Plaintiff argues that defendant's search in response to plaintiff's 2004 request was inadequate. Plaintiff's Motion for Summary Judgment ("Pl.'s Mot.") 18-19. Plaintiff cites a string of occurrences that followed its FOIA request as indicative of defendant's inadequate search, including (1) defendant's failure, in December 2004, to identify or preserve the electronic media of departing FSIS Under Secretary, Dr. Elsa Murano, *see* Pl.'s Reply 6; (2) its failure to search electronic locations (for what were

4

originally electronic Outlook calendars) until November 2006 and its failure to conduct a *comprehensive* search of electronic locations until March 2007, approximately two and a half years after the FOIA request, *see* Pl's Mot. 11; and (3) defendant's conscious decision not to place a litigation hold on emergency email system backup tapes, thus allowing them to be overwritten, rather than waiting for a court decision on the matter. Defendant's Motion for Summary Judgment ("Def.'s Mot.") 7; Def.'s Reply 4.

Defendant argues that its searches of possible calendar page locations, both physical (e.g., searches of paper copies of calendar pages kept in officials' desks and by office assistants on an *ad hoc* basis) and electronic (including searches of email archives and emergency backup tapes in November 2006, and searches of CD Rom, hard drives, exchange servers, archive files, Outlook electronic calendars and thumb drives in March 2007), were adequate, and that it is entitled to summary judgment because it has now produced all responsive documents. Def.'s Mot. 7-10.

In *Loony v. Walters-Tucker*, 98 F. Supp. 2d 1 (D.D.C 2000), the defendant failed several times to conduct an adequate search for responsive FOIA documents, first searching for the wrong

documents, and then submitting a series of contradictory declarations about the extent of its searches, raising even more doubts about the adequacy of those searches. *Id.* at 2. After both parties filed for summary judgment and the inadequacy of the initial searches was determined, defendant was ordered to conduct yet another search. After that search uncovered further responsive documents, defendant argued that, because there were no further documents to disclose, the case was now moot. *Id.* The court disagreed with this assessment, stating "[i]n a FOIA case, courts always have jurisdiction to determine the adequacy of a search." *Id.* at 3. The court then held that while the initial searches were inadequate, the ultimate search was adequate, as the defendant's final declaration gave "an adequate description of the record systems searched, the rationale for why these systems were the ones most likely to contain responsive records, the persons conducting the search and the methods used to conduct the search." *Id.*

In this case, it is clear that defendant's initial searches were inadequate. Indeed, counsel for the defendant acknowledged during oral argument that the documents in this case were "not handled in the way they should have been." However, the affidavits submitted with defendant's motion for summary judgment

regarding the agency's electronic searches in late 2006 and 2007 provide a fairly detailed description of the comprehensive array of electronic locations searched, who undertook the searches, the extent of those searches, and what documents were uncovered. Def.'s Statement of Material Facts 1-3; Def.'s Ex. 1-4.  In addition, plaintiff concedes that it is unlikely that further responsive documents will be found, and therefore plaintiff is not asking the Court to order a further search.  Pl.'s Mot. 3, 18-19.  The defendant has conducted - albeit belatedly - a "search reasonably calculated to uncover all relevant documents," and the Court will grant summary judgment to defendant.  *See Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

**2.   Sanctions**

Understandably frustrated with defendant's failure to conduct an adequate search at the outset of this litigation, a failure that resulted in the loss of certain responsive documents, plaintiff asks the Court to impose sanctions. Plaintiff argues that sanctions are warranted, both to hold defendant accountable for its actions in this case and to deter future misconduct, particularly important, according to plaintiff, because the agency is a "repeat player" where FOIA is

concerned.  Pl.'s Mot. 20.  Specifically, plaintiff argues that the Court should refer defendant to the USDA Office of the Inspector General, or, in the alternative, to the Office of Special Counsel for an investigation into the defendant's failures in responding to plaintiff's FOIA request.  *Id.* 22-24.

In view of defendant's acknowledgment during oral argument that its search was not handled as well as it might have been, and in order to ensure that defendant carries out future FOIA searches responsibly from the outset, the Court directs defendant to file a supplemental declaration detailing: (1) the specific steps the agency will take when responding to a FOIA request, particularly one including electronic documents; and (2) the steps, if any, the agency has taken to correct the problems that led to the loss of responsive documents in this case.

## III. CONCLUSION

For the foregoing reasons and the reasons stated by the Court during oral argument on March 18, 2008, the Court **GRANTS** defendant's motion for summary judgment and **DENIES** plaintiff's cross motion for summary judgment.  The Court will, however, take the matter of sanctions under advisement.  It is **FURTHER ORDERED** that defendants' supplemental declaration in accordance with this

Opinion and Order by filed by no later than April 30, 2008.

An appropriate Order accompanies this Memorandum Opinion.


**Signed:**      **EMMET G. SULLIVAN**
              **UNITED STATES DISTRICT JUDGE**
              **March 22, 2008**